FANNY EISENBERG *vs.* MATTHEW J. GALLAGHER, *et al.*

JUNE 2, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Mortgage Sale. Notice.*

A mortgage requiring twenty days notice of sale by advertisement, the first publication was on February 28; and the remaining on March 6, 13, and 20, in a paper published weekly, the sale to be held on March 24.

On February 28, the mortgage was owned by A. On March 3, A. assigned the mortgage to respondent B., the other respondent C. acting as broker for B.

B. testified that he had no knowledge of the advertising and had given no instruction to foreclose.

*Held,* that B. could not order a sale under a mortgage which he did not own, and even if it were not clear that C. assumed to act for B. in the matter of the sale after March 3, when B. became the owner of the mortgage, the notice was not published the required time thereafter and hence the sale was invalid.

BILL IN EQUITY to set aside mortgagee's sale. Heard on appeal of respondents from decree of Superior Court and decree affirmed.

BLODGETT, J.  This is a bill in equity brought to set aside a mortgagee's sale of real estate described in the bill of complaint, and also to clear the complainant's title thereto of the cloud cast thereon by a mortgagee's deed of said realty to one of the respondents by the other, and to enable the complainant to redeem her property from the mortgagee's control.  The Superior Court held that the complainant was entitled to relief as prayed, a decree to that effect was entered, and within due time the respondents appealed from that decree and are now here on that appeal.

The complainant contends that the sale under the power contained in the mortgage was invalid for failure to comply with the conditions relative thereto requiring twenty days' notice thereof by advertisement.  It is conceded that the first publication of the notice of sale was made on February 28, 1908, and that the remaining publications appeared on March 6, 13 and 20, 1908, in a paper published weekly, the sale to be held on March 24, 1908.  On February 28, 1908, the mortgage was owned and held by one Hinckley to whom it had been previously assigned.  It is also undisputed that on March 3, 1908, Hinckley assigned said mortgage to the respondent Whipple, the other respondent Gallagher acting as broker for Whipple in this transaction.  Whipple testified as follows: "C. Q. 107. You had no knowledge of any advertising?  A.  No sir.  C. Q. 110.  Never mind the understanding; had you given Mr. Gallagher any notice or orders to foreclose this mortgage?  A.  Well, that is, no written or any—C. Q. 111.  Had you given him any notice, written or otherwise to foreclose the mortgage bought by you from Hinckley on the Newton property?  A.  MR. Gallagher—C. Q. 112.  Answer my question. A.  I don't know—well, I will say no to that question.  C. Q. 116.  As far as you know, Mr. Whipple, March 3, 1908, was the first time that you acquired any interest in this mortgage which

is the subject of this suit? A. I suppose it was according to that. C. Q. 117. There isn't any question in your mind about that fact? A. No, of course the date is on it there. C. Q. 120. Now, between the 3rd of March, 1908 and the day of the sale, which you understand was the 24th of March, you had done nothing in the matter of this mortgage, had you, at all? A. No, no. C. Q. 125. So far as your knowledge stands, you neither wrote Mr. Gallagher nor told him anything about this Hinckley mortgage from the 3rd of March up to the 24th of that same month, is that right? A. That is right, I guess. C. Q. 130. Now, was that in February that you had the talk with Mr. Gallagher in which he told you what you have said about the Newton mortgage? A. According to the date of that transfer, I should infer that it was the last of February or the very first of March. C. Q. 131. At that time you had no interest in the Hinckley mortgage? A. No. C. Q. 132. Either directly or indirectly as far as you know? A. No." And Gallagher's testimony is as follows: "Q. 22. The advertisement was subsequent to the time? A. Yes." . . "C. Q. 101. Who did you say put the advertisement in? A. Mr. Frank Hinckley, attorney. C. Q. 102. He was acting for his father? A. Acting at that time for Whipple. C. Q. 103. Are you prepared to swear that Frank Hinckley was acting for Mr. Whipple at the time, March 3, 1908? A. Yes, on my authority."

(1)   It is perfectly clear from the uncontradicted testimony that Gallagher, who became the purchaser at the sale, not only assumed to act for Whipple in the matter of the sale, after March 3, 1908, when Whipple was the owner of the mortgage, but that he assumed to act for Whipple in giving notice of the sale on February 28, when, as Whipple admits, he had no interest in the mortgage. It is so obvious that Whipple could not order a sale under a mortgage which he did not own that it is unnecessary to cite authorities in support of the statement; and publications on March 6, 13 and 20 of a sale to be held on March 24 at most give but eighteen days' notice thereof. It follows that the sale was invalid and that the complainant is entitled to the relief she seeks.

.The decree of the Superior Court is therefore affirmed, and cause remanded to the Superior Court for further proceedings.

*Cooney & Cahill,* for complainant.

*Green, Hinckley & Allen, Fitzgerald & Higgins,* for respondents.